**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| RICARDO MARTIN,<br><br>     Plaintiff,<br><br>  v.<br><br>CFG HEALTH SYSTEMS, LLC,<br><br>     Defendant. | Civil Action No. 23-4160 (KMW) (MJS)<br><br>**OPINION** |

**WILLIAMS, District Judge:**

  This matter comes before the Court on the Court's *sua sponte* screening of Plaintiff's complaint (ECF No. 1) and the Court's review of Plaintiff's application to proceed *in forma pauperis*. (ECF No. 1-3.) Having reviewed the application, this Court finds that leave to proceed *in forma pauperis* is warranted in this matter, and Plaintiff's application will be granted. Because Plaintiff will be granted *in forma pauperis* status in this matter, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and dismiss any claim which is frivolous, malicious, fails to state a claim for relief, or seeks relief from an immune defendant. For the reasons set forth below, Plaintiff's complaint shall be dismissed without prejudice.

**I. BACKGROUND**

  In his complaint, Plaintiff seeks to raise claims against CFG Health Systems, LLC, the company which provides medical services to the Cumberland County Jail in which he was detained at the relevant time, based on injuries he alleges he sustained during an automobile accident. (ECF

No. 1 at 5.) Specifically, Plaintiff alleges that the company did "not allow[] any of its employees to make a decisive emergency decision" when he reported pain "from the auto accident the next morning." (*Id.*) According to Plaintiff, he was in an automobile accident while being transported between the Hudson County and Cumberland County jails. (ECF No. 1-2 at 1.) After the accident, he felt a tingle in his neck but no immediate pain. (*Id.*) He was asked if he was injured by the officers who were driving the van, and he said he didn't know if he had any injuries. (*Id.*) The following day, Plaintiff had a "sharp stabbing pain" in his neck and back. (*Id.*) He asked to see a doctor, but "was refused" by persons unknown. Plaintiff states that he then asked to go to a hospital, but it is not clear what came of that request. Plaintiff alleges, however, that the failure to take decisive action to observe and treat his delayed pains was directly contrary to the skills CFG requires of its staff, relying upon a job posting notification he provides with the complaint. (*Id.*)

## II.   **LEGAL STANDARD**

Because Plaintiff will be granted *in forma pauperis* status, this Court is required to screen his complaint pursuant to 28 U.S.C. § 1915(e)(2)(B). Pursuant to the statute, this Court must *sua sponte* dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *Id.* "The legal standard for dismissing a complaint for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) is the same as that for dismissing a complaint pursuant to Federal Rule of Civil Procedure 12(b)(6)." *Schreane v. Seana*, 506 F. App'x 120, 122 (3d Cir. 2012) (citing *Allah v. Seiverling*, 229 F.3d 220, 223 (3d Cir. 2000)).

In deciding a motion to dismiss pursuant to Fed. R. Civ. P. 12(b)(6), a district court is required to accept as true all factual allegations in the complaint and draw all reasonable inferences from those allegations in the light most favorable to the plaintiff, *see Phillips v. Cnty. of Allegheny*,

515 F.3d 224, 228 (3d Cir. 2008), but need not accept as true legal conclusions couched as factual allegations. *Papasan v. Allain*, 478 U.S. 265, 286 (1986). A complaint need not contain "detailed factual allegations" to survive a motion to dismiss, but must contain "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). A complaint "that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do,'" and a complaint will not "suffice" if it provides only "'naked assertion[s]' devoid of 'further factual enhancement.'" *Id.* (quoting *Bell Atlantic v. Twombly*, 550 U.S. 544, 555, 557 (2007)). "To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face." *Id.* (quoting *Twombly*, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (quoting *Twombly*, 550 U.S. at 556). A complaint that provides facts "merely consistent with" the defendant's liability "stops short of the line between possibility and plausibility" and will not survive review under Rule 12(b)(6). *Id.* (quoting *Twombly*, 555 U.S. at 557). While *pro se* pleadings are to be liberally construed in conducting such an analysis, *pro se* litigants must still "allege sufficient facts in their complaints to support a claim." *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 245 (3d Cir. 2013).

## III.    DISCUSSION

In his complaint, Plaintiff seeks to raise a civil rights claim based on inadequate medical treatment against CFG Health Systems, the contractor who provides medical services to the Cumberland County jail. To successfully plead such a claim, a plaintiff must plead facts showing that the named defendants were aware of a sufficiently serious medical need on the plaintiff's part, and committed actions or omissions which indicated that they knew of and disregarded that need,

which posed an excessive risk to the inmate's health or safety. *See Natale v. Camden County Corr. Facility*, 318 F.3d 575, 581-82 (3d Cir. 2003). Deliberate indifference therefore "requires more than inadequate medical attention or incomplete medical treatment," *see King v. Cnty. of Gloucester*, 302 F. App'x 92, 96 (3d Cir. 2008), and a plaintiff who demonstrates conduct amounting to only negligence or medical malpractice will fail to make out a claim for relief under § 1983. *Rouse v. Plantier*, 182 F.3d 192, 197 (3d Cir. 1999). Where the named defendant is a contractor who provides the state with medical services, a plaintiff can only plead a plausible claim for relief against the contractor by pleading facts which show that the alleged constitutional violation is the result of a policy or custom put into effect by the contractor. *See Natale v. Camden Cnty. Corr. Facility*, 318 F.3d 575, 583-84 (3d Cir. 2003). A formal policy or custom will be the cause of an alleged violation where it is the "moving force" behind the violation. *City of Canton v. Harris*, 489 U.S. 378, 389 (1989); *see also Los Angeles Cnty. v. Humphries*, 562 U.S. 29, 35-36 (2010). To plead a formal policy, the plaintiff must plead facts indicating that a decisionmaker with final authority established an applicable formal proclamation, policy, edict, or rule. *Natale*, 318 F.3d at 584. A corporate custom instead exists where a given action has not been formally approved by the decisionmaker, but is "so widespread as to have the force of law." *Id.*

In this matter, Plaintiff seeks to raise a deliberate indifference claim against CFG Health Systems, a medical contractor. However, he fails to plead how any CFG policy or custom was the moving force behind the alleged delay in treatment he receives. Indeed, he does not plead facts even showing that any CFG employee was responsible for the refusal to let him see a doctor when he experienced pain – he does not mention whether it was a guard or medical staff who refused him. On the other hand, in pleading his claims, Plaintiff directly alleges that CFG holds its staff to a "high standard" and that CFG expects its staff to use critical thinking to observe, diagnose, and treat common issues such as delayed pain following an auto accident, and appears to allege

4

the staff he saw did not live up to these corporate policies. Plaintiff thus has not pled that CFG's policies were responsible for the delay in treatment, and instead appears to directly allege that it was only in failing to follow those policies that the alleged violations occurred. Thus, Plaintiff has failed to plead a plausible claim for relief against the sole named Defendant, and his complaint must therefore be dismissed without prejudice for failure to state a claim for which relief may be granted.

### IV.   CONCLUSION

For the reasons expressed above, Plaintiff's application to proceed *in forma pauperis* (ECF No. 1-3) shall be **GRANTED**, and Plaintiff's complaint (ECF No. 1) shall be **DISMISSED WITHOUT PREJUDICE**. Plaintiff is granted leave to file an amended complaint within thirty days. An order consistent with this Opinion will be entered.

Hon. Karen M. Williams,
United States District Judge

5